IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. ELLIS,<br>　　Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-4565 |
| UNITED STATES LIME AND<br>MINERALS, INC.,<br>　　Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

Defendant US Lime and Minerals, Inc. ("US Lime" or "Defendant") regularly made its employee Michael J. Ellis ("Ellis" or "Plaintiff") work more than 40 hours a week but did not pay him overtime as required by law. This is an action for overtime pay and associated relief under the Fair Labor Standards Act ("FLSA"), 29 USC. § 201 *et seq*.

### Facts Supporting Relief

### Allegations Related to Plaintiff's Claims

1.　Ellis worked for US Lime as an hourly yard hand in 2013; he worked under the title of "production foreman" on a salary basis from on or about November 1, 2017 to October 18, 2019.

2.　Ellis's duties included, but were not limited to mixing lime slurry, cleaning tanks, hooking up equipment, and other duties.

3.　During the time he worked for the Defendant, Ellis regularly worked in excess of 40 hours per week—often he worked well over 60 hours per week.

4. Defendant paid Ellis on a salary basis during this timeframe—it did not pay Ellis an overtime premium for any of the hours he worked in excess of 40 in a workweek, but instead paid Ellis the same amount each week no matter how many hours he worked.

### Allegations Regarding FLSA Coverage

5. US Lime is a Texas corporation that was an employer of Ellis under the FLSA, and is covered by and subject to the overtime requirements of that statute.

6. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. For example, much of the material that Plaintiff worked on was mined in Arkansas and then shipped into Houston for processing.

7. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce, e.g., the production of lime and lime slurry among other products.

8. Throughout each of the three years prior to this complaint being filed Defendant had annual gross revenues of over $500,000.

9. Throughout each of the three years prior to the filing of this Original Complaint, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce, i.e., goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas, such as the lime products mined in Arkansas, and pneumatic trailers, washout racks, etc. manufactured outside the State of Texas.

### Plaintiff's Claims

10. Defendant was legally required to pay Ellis one and one-half times Ellis's regular rate of pay for all hours that he worked for Defendant in excess of 40 in a workweek.

11. Ellis worked over 40 hours in most of the workweeks that he worked for Defendant.

12. Defendant did not pay Ellis an overtime premium for any of the overtime hours that he worked for the Defendant.

13. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff, a clear violation of the FLSA.

### Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

14. Defendant violated the FLSA by failing to pay Ellis overtime pay for hours worked over 40 per workweek.

15. Ellis suffered damages as a direct result of Defendant's illegal actions.

16. Defendant is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

### Defendant, Jurisdiction, and Venue

17. US Lime is a Texas corporation that may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

18. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 USC. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

19. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF MICHAEL J. ELLIS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile